IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**CAMP'S PLANT, INC.**                                                                  **PLAINTIFF**

**V.**                                 **CASE NO. 3:19-CV-3040**

**SMG TRUCKING, LLC**
**and JOEY S. MORGAN**                                         **DEFENDANTS**

## OPINION AND ORDER

Now pending before the Court are separate Defendant SMG Trucking, LLC's ("SMG") Motion to Dismiss for Lack of Standing (Doc. 5) and Brief in Support (Doc. 6), Plaintiff Camp's Plant, Inc.'s ("Camp's") Response in Opposition (Doc. 9) and Brief in Support (Doc. 10), and SMG's Reply (Doc. 16). Camp's originally filed this lawsuit in the Circuit Court of Baxter County, Arkansas, and SMG removed the case to this Court pursuant to 28 U.S.C. § 1332(a), due to the presence of complete diversity of citizenship and the satisfaction of the minimum amount in controversy needed for federal court jurisdiction. According to the Complaint (Doc. 3), Camp's is a Missouri corporation doing business in Baxter County, Arkansas, and Defendants SMG and Joey S. Morgan—the latter having yet to appear in the case—are citizens of Texas. The case is a tort action in which Camp's asserts that SMG's truck driver, Morgan, negligently caused a tractor-trailer he was driving for SMG to roll across a highway into a greenhouse owned by Camp's. The Complaint maintains that the accident caused extensive damage to the greenhouse and to Camp's stock of plants.[1]

SMG's motion to dismiss argues that Camp's, a foreign corporation, has no

---

[1] The total damages are claimed to be "larger than that required for jurisdiction in diversity of citizenship cases . . . ." *Id.* at 2.

1

standing to sue in any court in Arkansas because it did not properly register and obtain a certificate of authority from the Arkansas Secretary of State to operate its business within the state. In support of its argument, SMG points to Ark. Code Ann. § 4-27-1502(a), which provides: "A foreign corporation transacting business in this state without a certificate of authority may not maintain a proceeding in any court in this state until it obtains a certificate of authority." SMG interprets this statute to mean that Camp's cannot file suit in any court in the State of Arkansas—not even in a federal court that sits in Arkansas.

Camp's admits that: (1) it is a Missouri corporation doing business in Arkansas; (2) it was registered in 1995 with the State of Arkansas to do business as a foreign corporation; (3) it allowed its state registration to lapse; (4) its charter was revoked by proclamation on December 31, 1998; and (5) it is not currently registered to do business in the state. *See* Doc. 9 at 1. Camp's response to the motion fails to engage substantively with Section 1502(a) or offer an interpretation of the statute that is different from SMG's. The Court finds that Section 1502(a)'s unambiguous terms prohibit all unregistered foreign corporations from bringing suit in any Arkansas court. But that prohibition is not generally the end of the story: The Arkansas legislature incorporated a "savings provision" into the foreign-corporation registration statute that provides a way for an unregistered foreign corporation to maintain a lawsuit while simultaneously seeking proper certification from the state. Section 4-27-1502(c) states that "[a] court may stay a proceeding commenced by a foreign corporation . . . until it determines whether the foreign corporation . . . requires a certificate of authority"; and, if it later becomes clear that the foreign corporation requires such a certificate, "the court may further stay the proceeding until the foreign corporation or its successor obtains the certificate."

Why, then, has Camp's failed to move the Court for a stay of these proceedings until it obtains a certificate of authority? The answer appears to be that Camp's is time-barred from seeking reinstatement of its state charter. Even though Ark. Code Ann. § 26-54-112(a)(1)(A)(i) provides that "[a] corporation whose charter . . . has been declared forfeited . . . may be reinstated to all its rights, powers, and property," subsection (a)(1)(B)(2) cautions that "reinstatement is not allowed after seven (7) years from the date the charter or permit authority to do business in the state was declared forfeited by proclamation of the Governor or the Secretary of State."

Accordingly, it would appear that Sections 4-27-1502(a) and 26-54-112(a)(1)(B)(2) of the Arkansas Code, taken together, must foreclose Camp's from *ever* bringing suit in an Arkansas court. Camp's argues, however, that the courthouse door-closing provision of Section 1502(a) "does not apply to tort claims brought by an unregistered foreign corporation." (Doc. 10 at 2). Camp's only support for this argument comes in the form of a bare citation—without legal analysis—to two cases, *C.B. International, Inc. v. Cook*, 659 F.2d 862 (8th Cir. 1981), and *Dews v. Halliburton Industries, Inc.*, 288 Ark. 532 (1986). Unfortunately for Camp's, neither of these cases discusses the relevant sections of the Arkansas Code that are at issue in the instant dispute. Instead, the cases discuss an earlier, now repealed, version of the foreign-corporations statute that was codified at Ark. Code Ann. § 64-1201, *et seq.* However, in 1987, these sections of the code were replaced by Ark. Code Ann. § 4-27-1501, *et seq.* The new code sections are the source of the bar here, and the cases cited by Camp's are therefore useless in the analysis.

Camp's only remaining argument is that Arkansas' door-closing statute is unconstitutional. With that said, Camp's constitutional arguments do not appear

3

unconstitutional. With that said, Camp's constitutional arguments do not appear anywhere in its brief (Doc. 6). Instead, these arguments are merely outlined in Camp's response to the motion (Doc. 9). Accordingly, the *entirety* of Camp's constitutional objection to the statute is as follows:

> 9. The Defendant's argument is that a Missouri corporation is prohibited from bringing a lawsuit in federal court in the state of Arkansas if its charter to do business in Arkansas has been revoked. Plaintiff believes that is an incorrect interpretation of the statute and such prohibition from bringing a cause of action in federal court has several constitutional problems: first, it violates the commerce clause, and second, it impinges on Plaintiff's due process rights. Furthermore, it is a violation of the separation of powers in that the Arkansas legislature cannot lawfully impair the rights of a Missouri citizen to bring a lawsuit in federal court.
>
> 10. Accordingly, the statute Arkansas Code Ann. § 4-27-1502 should be stricken as unconstitutional with respect to its application to out of state corporations to file suit in federal courts within the state of Arkansas. Plaintiff herein is giving notice to Leslie Rutledge, the Attorney General for the state of Arkansas, of its claim that the statute is unconstitutional.

(Doc. 9 at 2).

From the above, the Court surmises that Camp's constitutional argument is that the enforcement of Section 1502(a) would violate the Commerce Clause, the separation of powers, and Camp's due process rights. Initially, the Court finds Camp's arguments too conclusory to engage with on a substantive level, and the Court will not attempt to do so—or to make Camp's arguments for it. More to the point, the Court is not particularly concerned about the constitutionality of either relevant state statute, especially considering how Arkansas courts have enforced these statutes in the past. For example, the Arkansas Supreme Court in *Johnny's Pizza House, Inc. v. Huntsman*, 311 Ark. 346, 349 (1992), considered the legal application of Section 1502(a) and reasoned that the Arkansas legislature amended the rules applying to foreign corporation registration in

4

1987 in order to mitigate the harsh penalties that had been previously been associated with those rules—including the ban on access to state courts for unregistered foreign corporations. The Court observed that the amended statute stood "in sharp contrast to the former provision that expressly precluded any rehabilitation of the uncertified foreign corporation." *Id.* Now, courts had the option of staying a case—rather than dismissing it with prejudice—"to allow the foreign corporation to obtain the certificate if it . . . [was] needed." *Id.*

The *Johnny's Pizza* Court also cited with approval to an Arkansas Court of Appeals case called *Centennial Valley Ranch Management, Inc. v. Agri-Tech Limited Partnership*, 38 Ark. App. 177 (1992). The *Centennial Valley* Court explicitly upheld the trial court's decision to dismiss a foreign corporation's complaint under Section 1502(a), finding that it "was necessary for the appellant to obtain a certificate of authority to transact business in this state before it could maintain this suit in the courts of this state." *Id.* at 184. In enforcing the statute, the Court of Appeals expressed no reservations about its constitutionality, explaining that the new sections of code were "based primarily upon the Revised Model Business Corporation Act, which was a product of a committee of the American Bar Association." *Id.* at 180. Indeed, *all fifty states* have now passed door-closing statutes that are comparable to Arkansas'. *See* Joyce Yeager, *Borders and Barriers, Definitions of Authority to Do Business as a Foreign Corporation*, 102 Commercial L.J. 398, 409 n.71 (1997) (listing all fifty statutes, as well as the Model Business Corporations Act).

The last argument the Court must address is whether the sections of Arkansas law cited herein also operate to bind federal courts sitting in diversity in Arkansas. Though

SMG frames this issue in terms of Camp's lack of standing to sue, the Court believes the matter is more properly viewed in terms of Camp's lack of capacity to bring suit. Section 1502(a) provides that a foreign corporation that does not have a certificate of authorization from the Secretary of State lacks the capacity to sue in an Arkansas court. The law is clear that a federal court sitting in diversity must apply state substantive law and federal procedural law. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965); *see also Angel v. Bullington*, 330 U.S. 183, 191 (1947) ("The essence of diversity jurisdiction is that a federal court enforces State law and State policy."). A corporation's capacity to sue is a question of substantive law, and, therefore, state law would apply to the dispute. *See Okla. Natural Gas Co. v. Oklahoma*, 273 U.S. 257, 259–60 (1929).[2] It is also well established that a state's door-closing statute may bar a lawsuit from proceeding in federal court, when the sole basis for federal jurisdiction is diversity of citizenship and the lawsuit is based only on a state-law cause of action. *Woods v. Interstate Realty Co.*, 337 U.S. 535, 538 (1949) (noting that in a diversity case premised on state law, when "one is barred from recovery in the state court, he should likewise be barred in the federal court"). Under that narrow set of circumstances, the federal court is "in effect, only another court of the State." *Id.* (quotation and citation omitted).

The Court concludes from the above discussion that Section 4-27-1502(a), in combination with Section 26-54-112(a)(1)(B)(2), operates to bar Camp's from bringing its state-law claims in this Court or in any other Arkansas court. There is no dispute of fact

---

[2] The rule is the same if viewed in terms of standing, rather than capacity to sue: "In a diversity case, a court will not address the plaintiff's claims unless the plaintiff has standing to sue *under state law*." *Metro. Express Servs., Inc. v. City of Kansas City*, 23 F.3d 1367, 1369 (8th Cir.1994) (emphasis added).

that Camp's is a foreign corporation that was once registered with the State of Arkansas to do business here, and that Camp's allowed its state registration to lapse and its charter to be revoked in 1998—more than twenty years ago. There is also no dispute of fact that Camp's never re-registered to do business in this state and was not registered at the time the alleged tort in this case occurred.

**IT IS THEREFORE ORDERED** that Separate Defendant SMG Trucking, LLC's Motion to Dismiss for Lack of Standing (Doc. 5) is **GRANTED**. Plaintiff Camp's Plant, Inc., lacks the capacity under Arkansas law to proceed with this lawsuit, and the case is therefore **DISMISSED WITHOUT PREJUDICE** for the reasons set forth above.

**IT IS SO ORDERED** on this 15th day of July, 2019.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE